IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JARVIS J. DORSEY,[1]

   Petitioner,

v.

NATASHA KHUN,

   Respondent.

Civil Action No.: JKB-23-2347

**MEMORANDUM OPINION**

On August 31, 2023, this court received the above-entitled pleading along with a motion to proceed in forma pauperis, which the court now grants. Although written on a complaint form for civil rights claims raised pursuant to 42 U.S.C. § 1983, petitioner pro se Jarvis J. Dorsey seeks to vacate a violation of probation charge he received in a state court located in Frederick, Maryland and to be assigned a new probation officer. ECF No. 1 at 7. He does not include a request for monetary damages in the complaint. Because Dorsey seeks such relief, his pro se pleading has been construed as a Petition for Writ of Habeas Corpus. For the reasons that follow, the petition must be amended, or Dorsey must clarify his request for relief.

Dorsey states that his Probation Officer Natasha Khun filed a report stating he had violated his probation because he was no longer in a drug treatment program he was required to complete. Dorsey claims the report was false, that administrators at the program confirmed he was still enrolled, and that Ms. Khun falsely accused him of violating probation for discriminatory reasons.

---

[1] The docket incorrectly shows petitioner's name as "Javis Dorsey."

ECF No. 1 at 5-6. He adds that at the hearing on July 21, 2022, he had "no choice but to plea due to other combined cases to get everything completed." *Id.* at 7. Dorsey is currently in custody.

First, this Court may not order a State agency or court to assign Dorsey a new probation agent. *See South Carolina v. United States*, 907 F.3d 742, 754-55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State employees and cannot require a reassignment of Ms. Kuhn.

To the extent that Dorsey is seeking to challenge the validity of the basis of his current incarceration, he will need to clarify any constitutional claims he wishes to raise in connection with the violation of his probation. Federal habeas relief is only available if there has been an infringement of federal constitutional rights. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). He is also advised that before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To the extent that Dorsey intended his pleading to be a complaint for damages, the claim that a currently valid conviction for violation of probation is based on perjured testimony or a false report may not proceed. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed);

2

*see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). In *Heck*, the Supreme Court ruled:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

In the event that Dorsey's violation of probation has been invalidated, overturned, or expunged, he may proceed with a claim for damages.

Dorsey will be granted 28 days to file either an amended petition for writ of habeas corpus or an amended complaint for civil rights violation. In drafting either such pleading, Dorsey is reminded to include specific facts and dates, as well as any history regarding attempts to have his violation of probation overturned, and if he is seeking monetary damages, he should include such a demand. A separate Order follows.

Dated this 13 day of Sept, 2023.

FOR THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

3